## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

CHRISTOPHER SADOWSKI,

                    Plaintiff,

    -against-

WORLD JOURNAL, LLC,

                  Defendant.

Case No. 2:17-cv-01594-JLL-SCM

---

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S
## MOTION TO VACATE THE DEFAULT AND TO DISMISS ACTION

Attorney of Record:

Stuart Reiser, Esq.
**SHAPIRO, CROLAND, REISER,**
**APFEL & DI IORIO, LLP**
Continental Plaza II
411 Hackensack Avenue
Hackensack, New Jersey 07601
Tel: (201) 488-3900
Fax: (201) 488-9481
sreiser@shapiro-croland.com
*Attorneys For Defendant World*
*Journal, LLC*

Of Counsel:

Elaine Platt, Esq.
**WU & KAO, PLLC**
747 Third Avenue, 22nd Floor
New York, New York 10017
Telephone: (212) 755-8880
Fax: (212) 755-8889
elaine.platt@wuandkao.com
*Attorneys for Defendant World*
*Journal LLC*

**Table of Contents**

INTRODUCTION..................................................................................................... 4

ARGUMENT ............................................................................................................ 4

    POINT I    SERVICE OF PROCESS WAS INSUFFICIENT THEREFORE THIS COURT DOES NOT HAVE JURISDICTION OVER DEFENDANT AND THE ACTION SHOULD BE DISMISSED ................................................................................... 4

    POINT II   THE AFFIDAVIT OF SERVICE FOR THE MOTION TO ENTER A DEFAULT JUDGMENT IS DEFICIENT ....................................................... 5

    POINT III   A DEFAULT JUDGMENT IS VOID WHERE THERE HAS BEEN INSUFFICIENT PROCESS, AND THEREFORE THE DEFAULT JUDGMENT THAT HAS BEEN ENTERED IN THE INSTANT ACTION MUST BE SET ASIDE ................................. 6

    POINT IV   THIS ACTION SHOULD BE DISMISSED FOR IMPROPER VENUE ........... 7

    POINT V   ALTERNATIVELY, VENUE OF THIS ACTION SHOULD BE TRANSFERRED TO THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF NEW YORK ............................................................ 9

    POINT VI   DEFENDANT HAS "GOOD CAUSE" FOR SETTING ASIDE THE DEFAULT JUDGEMENT.................................................................................. 10

        a)   No Willfulness ............................................................................... 11

        b)   Meritorious Defense ...................................................................... 11

        c)   No Prejudice to Plaintiff ................................................................ 12

CONCLUSION ...................................................................................................... 13

# TABLE OF AUTHORITIES

## Cases

*Ackermann v. Levine*, 788 F.2d 830 (2d Cir. 1983)................................................................ 12

*Am. Alliance v. Eagle Inc.*, 92 F .3d 57 (2d Cir 1996) ......................................................... 12

*Am. Eagle Outfitters, Inc. v. Tala Bros. Corp.*, 457 F. Supp.2d 474 (SDNY 2006).......................11

*Bockman v. First Am. Mktg. Corp.*, 459 Fed App'x 157 (3d Cir. 2012) .................................... 8

*Bricklayers Welfare Fund v. Manley Constr. Corp.*, No. 13-cv-0224, 2014 US Dist. LEXIS 134090.................................................................................................................... 8

*Cottmann Transmission Sys, Inc. v. Martino*, 36 F.3d 291 (3d Cir. 1994) ............................... 9

*Cowder v. Administration for Children and Families*, No. 09-cv-628, 2009 US Dist. LEXIS 17915, EDNY .......................................................................................................... 8

*D.H. Blair & Co. v. Gottdiener*, 462 F3d 95 (2d Cir. 2006) ...................................................11

*Davis v. Musler*, 713 F2d 907 (2d Cir. 1983)....................................................................... 14

*Emcasco v. Sambrick*, 834 F.2d 70 (3d Cir. 1987). .............................................................. 13

*Fuentes v. Mehra, M.D.*, 2015 WL 3754705, (DNJ June 15, 2015) ........................................ 8

*Gold Kist v. Laurinburg Oil*, 756 F.2d 14 (3d Cir. 1985)....................................................... 8

*Liviganey v. Cipriani 110 LLC*, No. 09-cv-77, 2009 US Dist. LEXIS 37052 ........................... 8

*Martin v. N.Y. State Dep't of Mental Hygiene*, 588 F.2d 371, 373 (2d Cir. 1978)..................... 8

*Orellann v. World Courier, Inc.*, No. 09-cv-576, 2010 US Dist. LEXIS 88875, EDNY .............. 8

*Pecarsky v. Galaxiworld.com*, 249 F.3d 167, 173 (2d Cir. 2001) ........................................... 12

*Peratta v. Heights Med. Ctr*, 485 US 80 (1988) .................................................................... 8

*SEC v. McNulty*, 137 F3d 732 (2d Cir. 1998) ....................................................................... 13

*Toys "R" Us v. Step Two*, 318 F.3d 446 (3d Cir. 2003)......................................................... 10

*Zippo Mfg v. Zippo Dot Com*, 952 F. Supp. 1119, 1124 (W.D. Pa. 1997)............................... 9

*Zultz v. JDate*, No. 12-cv-3475, 2013 WL 3369073 (EDNY 2013).......................................... 10

## Statutes

28 USC § 1391(b)(2) ....................................................................................................... 8

28 USC § 1400(a) ........................................................................................................... 8

28 USC § 1404(a) ....................................................................................................... 9, 13

28 USC § 1406.............................................................................................................. 7

FRCP § 55(c) ................................................................................................................ 10

FRCP 12(b) .................................................................................................................. 7

FRCP 4(h) ................................................................................................................. 4, 5

FRCP 5(b) .................................................................................................................... 6

## Rules

Rule 5.1 of the District Court of New Jersey .......................................................................... 6

## INTRODUCTION

Defendant World Journal, LLC ("Defendant") respectfully submits this memorandum in support if its Motion to Vacate the Default Judgment that has been entered against it; and to have this action dismissed.

It is obvious from just a cursory reading of the Affidavit of Service submitted by Plaintiff CHRISTOPHER SADOWSKI ("Plaintiff"), that Defendant was never properly served with a Summons and Complaint.

The FRCP 4(h) requires that for corporate defendants, the person served must be a manager or officer, or someone specifically designated by the Defendant to accept service.

Here, in Plaintiff's own words, the person served was an "HR Specialist", clearly not meeting any of the requirements of the statute.

Because there was insufficiency of service, this Court does not have personal jurisdiction over the Defendant. In the absence of jurisdiction, a Default Judgment may not be entered, and as a matter of law, the default judgment must be set aside.

Moreover, because this Court does not have personal jurisdiction over the Defendant, this action should be dismissed.

## ARGUMENT

### POINT I
### SERVICE OF PROCESS WAS INSUFFICIENT
### THEREFORE THIS COURT DOES NOT HAVE JURISDICTION
### OVER DEFENDANT AND THE ACTION SHOULD BE DISMISSED

Service of the Summons and Complaint was purportedly made on May 30, 2017, at the New York City office of Defendant. The affidavit of service (Exhibit A), states that a person

named "Margaret Wang" was handed papers. Ms. Wang is described in the affidavit as an "HR Specialist".

FRCP(4)(h) requires that service be made on an "officer, managing agent, or agent authorized by appointment or law to receive service."

Margaret Wang is <u>NOT</u> a person authorized by defendant to receive service on its behalf, and she is certainly not a managing agent, or an officer of Defendant.

To Defendant's knowledge, no other efforts to effect service were ever made. Defendant never received any mailings, nor personal service at any other offices of defendant. Notably, plaintiff didn't even attempt to make personal service of the summons and complaint on the agent listed with New Jersey's Secretary of State, whom Defendant *had* authorized to accept service.

Rule 4 of the Federal Rules of Civil Procedure describes the manner in which service of process must be effected in order to subject a defendant to the Court's jurisdiction. As Defendant has never received sufficient process, this court does not have personal jurisdiction over defendant, and this case should be dismissed.


## POINT II
### THE AFFIDAVIT OF SERVICE FOR THE MOTION
### TO ENTER A DEFAULT JUDGMENT IS DEFICIENT

The Certificate of Service [Exhibit B] for the Motion to enter a Default Judgment, reads as follows:

I caused to be served a 'Notice of Motion' by placing a true copy in a sealed envelope as follows:

> World Journal, LLC
> Att.: Jean Yeh Wong
> 41 Bridge St. Bldg A
> Metuchen, NJ 50884

by ECF Notice of Electronic Filing…although participants in this case who are not registered with the ECF system will be served by first-class mail:

What was actually done with this "sealed envelope"? The Certificate of Service does not specify.

Was the Notice electronically filed? Defendant had never appeared in this matter and therefore was not a participant in ECF.

Was the envelope mailed? The Affidavit of Service does not specify what was done.

The Affidavit is woefully unclear, and is therefore deficient.

Rule 5.1 of this Court (consistent with FRCP 5(b)) requires that proof of service "clearly describe the manner of service." The subject Affidavit does not do this.

Defendant vehemently asserts that it <u>NEVER</u> received these motion papers!

It should be of interest to note that during the five month period between April of 2016, through to August of 2016, Plaintiff contacted Defendants attorneys directly, on numerous occasions, threatening to sue Defendant if it did not pay money, for what Defendant's attorneys assessed to be baseless claims.

Then eight months later, Plaintiff actually did start a lawsuit. But notably absent was any further attempt by Plaintiff to make contact with Defendant's attorneys. From the time of the alleged service of the Complaint, through to the obtaining of a default judgment, Plaintiff never made any effort to inform Defendant's attorney about the Complaint, nor to discuss the matter in any way, nor, significantly, to mention the impending default.

<u>**POINT III**</u>
<u>**A DEFAULT JUDGMENT IS VOID WHERE THERE HAS BEEN**</u>
<u>**INSUFFICIENT PROCESS, AND THEREFORE THE**</u>
<u>**DEFAULT JUDGMENT THAT HAS BEEN ENTERED**</u>
<u>**IN THE INSTANT ACTION MUST BE SET ASIDE**</u>

Failure to adequately prove proper service of court documents under Rule 4, bars the entry of a default judgment. See e.g. *Orellann v. World Courier, Inc.*, No. 09-cv-576, 2010 US

Dist. LEXIS 88875, EDNY; *Cowder v. Administration for Children and Families*, No. 09-cv-628, 2009 US Dist. LEXIS 17915, EDNY (denying motion for default judgment where service has not been properly effected); *Liviganey v. Cipriani 110 LLC*, No. 09-cv-77, 2009 US Dist. LEXIS 37052 (noting that inadequate proof of service bars entry of a default judgment).

"A default judgment entered when there has been no proper service of the complaint is, *a fortiori*, void, and should be set aside." *Gold Kist v. Laurinburg Oil*, 756 F.2d 14 (3d Cir. 1985); see also *Peratta v. Heights Med. Ctr*, 485 US 80 (1988)(holding that there is no requirement to show a meritorious defense in order to vacate a default judgment, when service was defective).

A default judgment can not be entered against a non-appearing defendant who is not subject to the Court's jurisdiction, (*Bricklayers Welfare Fund v. Manley Constr. Corp.*, No. 13-cv-0224, 2014 US Dist. LEXIS 134090), as personal jurisdiction is a necessary prerequisite to the entry of a default judgment. And if a defendant does not receive service in compliance with Rule 4 of the Federal Rules of Civil Procedure, and does not waive formal service, then the court lacks personal jurisdiction over the defendant. See *Martin v. N.Y. State Dep't of Mental Hygiene*, 588 F.2d 371, 373 (2d Cir. 1978).

## POINT IV
## THIS ACTION SHOULD BE DISMISSED FOR IMPROPER VENUE

A party may move to dismiss an action on grounds of "improper venue" pursuant to FRCP 12(b)(3) and 28 USC § 1406(a). See *Fuentes v. Mehra, M.D.*, 2015 WL 3754705, (DNJ June 15, 2015); *Bockman v. First Am. Mktg. Corp.*, 459 Fed App'x 157 (3d Cir. 2012). If the chosen venue is incorrect, "[t]he district court...shall dismiss, or if it be in the interest of justice, transfer such case to any district division in which it could have been brought." 28 USC § 1406.

The complaint alleges that New Jersey is the proper venue, alleging that Defendant "resides" in New Jersey, and that the alleged infringing actions took place in New Jersey.

As previously described, Defendant's principal place of business is in Whitestone, New York. Defendant's only "physical presence" in New Jersey, is via an agent it has contracted with, to perform a single service on its behalf... to generate sales.

Plaintiff describes as the infringing actions, photographs appearing on Defendant's website. Defendant's website is operated from its New York City office, and any content that is alleged to have violated Plaintiff's copyright, originated from Defendant's New York place of business.

The District of New Jersey is not the proper venue because Defendant's principal place of business is not in New Jersey, and New Jersey is not the forum in which the "substantial part of the event or omissions giving rise to the claim occurred." 28 USC § 1391(b)(2).

28 USC Sections 1391(b)(2) and 1400(a) require venue to be placed where the "substantial portions of the events giving rise to the claim occurred" and that is the Eastern District of New York. The test for determining venue under section 1391(b)(2) is not the Defendant's "contacts" with a particular district, but rather "the location of those events or omissions giving rise to claim." *Cottmann Transmission Sys, Inc. v. Martino*, 36 F.3d 291 (3d Cir. 1994)(emphasis added). Though Defendant's website makes its contents available to viewers across all states, personal jurisdiction is improper over defendants who merely make information available on the internet. See *Zippo Mfg v. Zippo Dot Com*, 952 F. Supp. 1119, 1124 (W.D. Pa. 1997):

> " [A] Website that does little more than make information available to those who are interested in it, is not grounds for the exercise of personal jurisdiction."

The alleged infringing acts of Defendant were not directed specifically at the New Jersey forum

in particular, such that Defendant could and should reasonably anticipate being hauled into court there. See *Toys "R" Us v. Step Two*, 318 F.3d 446 (3d Cir. 2003) ("As Zippo and Courts of Appeals decisions indicate, the mere operation of a commercially interactive website should not subject the operator to jurisdiction anywhere in the world").

To survive a motion to dismiss made on the grounds of "improper venue", the plaintiff must establish venue. *Zultz v. JDate*, No. 12-cv-3475, 2013 WL 3369073 (EDNY 2013). If the plaintiff cannot establish that the chosen venue is correct, the district court shall dismiss. 28 USCA § 1406.

Defendant respectfully submits that the District Court of New Jersey is not the correct venue; and this matter should be dismissed.


### POINT V
### ALTERNATIVELY, VENUE OF THIS ACTION SHOULD BE TRANSFERRED TO THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF NEW YORK

Should this court decline to dismiss either for lack of personal jurisdiction, or for improper venue, then Defendant respectfully requests that venue of the action be transferred to the United States District Court for the Eastern District of New York.

Under 28 USC § 1404(a), a district court "for the convenience of parties and witnesses…may transfer any civil action to any other district where it might have been brought." Clearly this action could have brought in the Eastern District of New York where Defendant resides, and to which Defendant now seeks to transfer the case.

"District courts have broad discretion in making a determination of convenience under section 1404(a), and notions of convenience and fairness are considered on a case-by-case basis.

*D.H. Blair & Co. v. Gottdiener*, 462 F3d 95 (2d Cir. 2006).

To guide the assessment, courts balance a number of factors, including: "(1) the locus of operative facts; (2) convenience of the parties; (3) the convenience of the witnesses; (4) the location of the relevant documents and relative ease of proof (5) the relative means of the parties; (6) the availably of process to compel unwilling witnesses; (7) a forum's familiarity with the governing law; (8) the weight accorded to plaintiff's choice of forum; and (9) trial efficiency and the interest of justice based upon the totality of the circumstances. *Am. Eagle Outfitters, Inc. v. Tala Bros. Corp.*, 457 F. Supp.2d 474 (SDNY 2006). It is in the interest of justice that this action be transferred to the United States District Court for the Eastern District of New York, based on a balancing of the above factors.

The alleged infringing activity emanated from Defendant's office in Whitestone, New York; thus the locus of the operative facts occurred in Whitestone, New York. Also, the witnesses and relevant documents are located at Defendant's offices in Whitestone, New York.

Considering the totality of the circumstances, it is in the interest of justice that the trial of the action occur in New York.

## POINT VI
## DEFENDANT HAS "GOOD CAUSE" FOR SETTING ASIDE THE DEFAULT JUDGEMENT

While it is not necessary to show "good cause" to set aside a default judgment when the Court does not have personal jurisdiction over the Defendant, it should be noted that the Defendant does in fact satisfy all three of the conditions of FRCP § 55(c), to establish "good cause" to set aside a default judgment:

10

- The default wasn't willful
- Plaintiffs wont be prejudiced
- Defendant has a meritorious defense

### a) No Willfulness

To be charged with willful default, service must have been proper, meaning that it must have satisfied the procedural rules governing service and due process. See *Ackermann v. Levine*, 788 F.2d 830 (2d Cir. 1983). "Service of process must satisfy both the statute under which service is effectuated, and constitutional due process".

Even if service of process had been properly made, which it clearly wasn't, a finding of "willfulness" would require a showing that the defaulting party engaged in deliberate or egregious conduct. See *Am. Alliance v. Eagle Inc.*, 92 F .3d 57 (2d Cir 1996). To find that the default was "willful", the Court must be persuaded that the defendant "made a strategic decision and deliberately chose not to appear". See *Pecarsky v. Galaxiworld.com*, 249 F.3d 167, 173 (2d Cir. 2001).

This clearly was not the case here, and there's nothing in the record to remotely suggest such a possibility. There was no communication from Plaintiff's attorney, nor was anything else properly done, to put Defendant on notice.

### b) Meritorious Defense

Defendants have a meritorious defense. Defendant is a newspaper, one of the categories that is specifically protected under the "Fair use" defense to copyright infringement. Defendant publishes news, which is in the public interest.

If Plaintiff in fact was, and still is, the owner of a legitimate copyright to the subject

photos, then to the extent any infringement occurred, it was an innocent infringement.

There was just a one-time posting, giving full credit to the Plaintiff; and the photos were removed from the Defendant's website, immediately upon being asked to do so.

Defendant's website is in Chinese and addressed to a particularized market. Defendant's one time posting of photos that had already been published in the New York Post, did not negatively impact on any economic opportunities that plaintiff would have otherwise had for his photos.

At this stage, Defendant does not have to establish its defense conclusively, but only "present facts that if proven a trial would constitute a complete defense." *SEC v. McNulty*, 137 F3d 732 (2d Cir. 1998).

### c) No Prejudice to Plaintiff

For Plaintiff to establish prejudice, he must demonstrate an injury that could result from vacating the default; some occurrence that would impair Plaintiff's ability to pursue its claims. A mere "delay in realizing satisfaction on a claim" does not establish a "degree of prejudice sufficient to prevent [the setting aside of] a default judgment entered at an early stage of the proceeding." *Emcasco v. Sambrick*, 834 F.2d 70 (3d Cir. 1987). In the instant case, Plaintiff will not be prejudiced by vacating the default judgment, as the instant motion was filed within a very short time after the default judgment was entered.

This case was first initiated just a few weeks ago. Vacating a default judgment at this time would not result in the loss of any evidence, or prejudice Plaintiff in any other manner, as the instant case is in its infancy

a) **Default should be viewed with Disfavor**

Because defaults are viewed with disfavor, any doubts should be resolved in favor of the party seeking relief from the default. *Davis v. Musler*, 713 F2d 907 (2d Cir. 1983). A default judgment should be a weapon of last, rather than first, resort, [and] should only be imposed upon a serious showing of willful deceit. *Id.*

## CONCLUSION

For the foregoing reasons, Defendant respectfully requests that this Court vacate the Judgment of Default, and dismiss the within action for insufficiency of service, lack of personal jurisdiction, and for improper venue; OR in the alternative, to transfer venue of the action pursuant to 28 USC § 1404(a) to the United States District Court for the Eastern District of New York.

s/ Stuart Reiser
Stuart Reiser, Esq.
**SHAPIRO, CROLAND, REISER,**
**APFEL & DI IORIO, LLP**
Continental Plaza II
411 Hackensack Avenue
Hackensack, New Jersey 07601
Tel: (201) 488-3900
Fax: (201) 488-9481
sreiser@shapiro-croland.com
*Attorneys For Defendant*
*World Journal, LLC*

Dated: August *22*, 2017